```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                         BECKLEY
```

**WILLIAM E. SMITH,**

      **Plaintiff,**

v.                                      Case No. 5:07-cv-00493

**MATT J. JARVIS, Mount Hope Patrolman,
and THE MOUNT HOPE POLICE DEPARTMENT,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This civil action is assigned to the Honorable Thomas E. Johnston, United States District Judge, and is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the Court is Mount Hope Police Department's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (# 10.) The Memorandum in support of the Motion (# 11) requests dismissal on the grounds that Plaintiff failed to allege facts entitling him to relief, and that the Mount Hope Police Department is subject to qualified immunity.

### Background and Procedural History

On August 10, 2007, Plaintiff William E. Smith ("Plaintiff"), acting pro se, filed a Complaint against Officer Matt J. Jarvis ("Jarvis") and the Mount Hope Police Department ("MHPD"), pursuant to 42 U.S.C. § 1983, alleging that on or about August 13, 2005

Jarvis used excessive force while arresting him. (Complaint, #1, p. 4-5.) The Complaint alleges that Jarvis approached Plaintiff and another individual asking to perform a routine drug search. Id. at 4. They complied with the search and both individuals were "clean and cleared." Id. at 5. During the search, Plaintiff's brother and sister passed by and stopped when they saw him. Id. Plaintiff contends that initially Jarvis instructed his siblings to take him home, but "without any provocation," Jarvis demanded that Plaintiff get out of the vehicle because he was being placed under arrest. Id. at 6. Jarvis then tried several times to extract Plaintiff from the backseat of the vehicle. Id. Plaintiff alleges that he voluntarily exited the backseat of the vehicle and that he repeatedly questioned Jarvis as to why he was being placed under arrest. Id. Jarvis then placed Plaintiff in custody and transported him to the Mount Hope Police Department where he was charged with disorderly conduct and obstruction. Id.

While being placed under arrest, Plaintiff claims that Jarvis aimed a can of mace at him while in the backseat with his nephews and niece, slammed him into the trunk of the vehicle, kneed him in the thigh and back, and beat him publically while handcuffed. Id. at 6. Plaintiff asserts that he never "swung, lunged, or made any attempt to obstruct or stop" the arrest. Id. In his complaint, Plaintiff states that he filed suit against Jarvis for using excessive force while arresting him and MHPD for employing Jarvis

2

who "has had numerous complaints filed against him for excessive force."  Id.

Plaintiff, who is in custody, applied to proceed without prepayment of fees and costs (# 3), which was granted (# 5).  A summons was issued (# 6) and process was served on MHPD (# 7) and Jarvis (# 8).  Jarvis responded with an Answer (# 9).  On October 10, 2007, MHPD filed a Motion to Dismiss (# 10) and a Memorandum of Law in support thereof (# 11) asserting that it is entitled to qualified immunity and that Plaintiff failed to allege facts constituting a § 1983 cause of action.  On December 3, 2007, Plaintiff filed a response (# 14) in objection to MHPD's Motion to Dismiss, contending that MHPD is not entitled to qualified immunity and that the facts alleged in the Complaint are sufficient to sustain a § 1983 cause of action.  The matter is ripe for determination.

**Standard of Review**

MHPD's Motion to Dismiss for Failure to State a Claim, is filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The United States Supreme Court recently addressed the standard for granting a motion to dismiss in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007).

In Twombly, the Court observed that a motion to dismiss should be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving

party, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Id. at 1968-69 (explaining that the pleading standard set forth in Conley v. Gibson, 355 U.S. 41 (1957) whereby courts look to whether the plaintiff can prove "no set of facts" giving rise to a claim "has earned its retirement"). While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of the cause of action." Id. at 1964-65.

## Discussion

In its Motion to Dismiss and Memorandum of Law, MHPD contends that the Plaintiff has failed to allege facts constituting a cause of action under 42 U.S.C. § 1983, and MHPD is subject to qualified immunity. Citing Leatherman v. Tarrant City Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993), it asserts that "it cannot be held liable unless a municipal policy or custom caused the constitutional injury." (# 11, p. 2.) The crux of MHPD's position is that Plaintiff failed to allege the existence of a policy or custom that caused the constitutional harm. (# 11, p. 3.) MHPD, therefore, argues that it is entitled to qualified immunity.

A municipality can be held liable for constitutional deprivations committed by a municipal employee below the policymaking level. Monell v. New York City Department of Social

4

Services, 436 U.S. 658, 694 (1978). To establish a claim of municipal liability pursuant to § 1983, a plaintiff must demonstrate the existence of an official policy or custom fairly attributable to the municipality that proximately caused the violation of the plaintiff's constitutional rights. Jordan v. Jackson, 15 F.3d 333, 338 (4th Cir. 1994); Chapman v. Jarrell, 2005 WL 3088422, (S.D.W.Va. 2005). A policy or custom need not have received formal approval by the municipality in order to subject the municipality to liability. Monell, 436 U.S. at 694. Municipal liability can result from a municipality's acquiescence to the decisions of subordinates. Riddick v. School Board of Portsmouth, 238 F.3d. 518, 527 (4th Cir. 2000). A § 1983 plaintiff injured by a police officer may establish a policy or custom by showing that the municipality, alerted to the possible use of excessive force by that police officer, exhibited deliberate indifference. Vann v. City of New York, 72 F.3d 1040, 1049 (2nd Cir. 1995).

In the instant case, Plaintiff alleges that MHPD received numerous complaints against Jarvis and failed to take action. (# 1, (Complaint), p. 5.) Plaintiff contends that he suffered injury only after MHPD allowed Jarvis to remain on patrol duty after receiving these complaints. Id. Specifically, he asserts the complaints against Jarvis consisted of similar altercations where Jarvis employed excessive force during routine stops. Id. In his Response to the pending Motion to Dismiss, Plaintiff states that he

became aware of the complaints against Jarvis from a conversation that took place between Jarvis's commanding officer and Plaintiff's brother after the alleged incident.  (# 14, (Plaintiff's Response to Motion to Dismiss), p.6.)

MHPD cites Perez v. County of Westchester, 83 F. Supp.2d. 435 (S.D.N.Y. 2000), in support of its position that Plaintiff failed to state a claim by not alleging a policy or custom.  In Perez, the plaintiff merely alleged the existence of a policy or custom without asserting any facts to support the allegation.  Id. at 438.  The instant case, however, is distinguishable from Perez.  Here, Plaintiff alleges facts that could constitute the existence of a policy or custom that resulted in the constitutional injury, namely the prior complaints against Jarvis.  Furthermore, the allegation that Jarvis was allowed to remain on patrol even after receiving complaints that he employed excessive force during routine stops, if found to be true, tends to establish a causal link between the Plaintiff's constitutional harm and the policy or custom.

While a plaintiff in a § 1983 action is obligated to make "a short and plain statement" of the essential elements of the claim in his complaint, *Fed. R. Civ. P.* 8(a), he is not required to set out the facts in detail.  Batista v. Rodriquez, 702 F.2d 393, 397 (2nd Cir. 1983).  After careful review of Plaintiff's pleadings, the allegations contained in the complaint, although brief, are sufficient to allow Plaintiff's § 1983 action to proceed against

6

MHPD.  If established, they provide the requisite fault on the part of MHPD, as a persistent failure to take disciplinary action against an officer can give rise to an inference that the officer's conduct is part of a municipal policy or custom.  Id. at 397. Therefore, taken as true and in a light most favorable to Plaintiff, the allegations contained in the Complaint are enough to establish, at the very least, a "plausible" claim against MHPD.

### Recommendation

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that the allegations set forth in the Complaint are sufficient to allow Plaintiff's § 1983 action to proceed against the Mount Hope Police Department.  Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** MHPD's Motion to Dismiss for failure to state a claim upon which relief can be granted.  (#10.)

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), the Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections), and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the

portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Synder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Johnston and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and counsel of record.

    July 18, 2008                                      *Mary E. Stanley*
       Date                                         Mary E. Stanley
                                                     United States Magistrate Judge