IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY

WILLIAM E. SMITH,

      Plaintiff,

v.                                 Case No. 5:07-cv-00493

MATT J. JARVIS, Mount Hope Patrolman,
and THE MOUNT HOPE POLICE DEPARTMENT,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is defendant Matt Jarvis's Motion to Dismiss for Failure to Comply with the Court's Discovery Order (docket # 34), filed on November 26, 2008.

### Background and Procedural History

On August 10, 2007, Plaintiff William E. Smith ("Plaintiff"), acting pro se, filed a Complaint against Officer Matt J. Jarvis ("Jarvis") and the Mount Hope Police Department ("MHPD"), pursuant to 42 U.S.C. § 1983, alleging that on or about August 13, 2005 Jarvis used excessive force while arresting him. (Complaint, #1, p. 4-5.)  The Complaint alleges that Jarvis approached Plaintiff and another individual asking to perform a routine drug search. Id. at 4.  They complied with the search and both individuals were "clean and cleared."  Id. at 5.  During the search, Plaintiff's brother and sister passed by and stopped when they saw him.  Id. Plaintiff contends that initially Jarvis instructed his siblings to

take him home, but "without any provocation," Jarvis demanded that Plaintiff get out of the vehicle because he was being placed under arrest.  Id. at 6.  Jarvis then tried several times to extract Plaintiff from the backseat of the vehicle.  Id.  Plaintiff alleges that he voluntarily exited the backseat of the vehicle and that he repeatedly questioned Jarvis as to why he was being placed under arrest.  Id.  Jarvis then placed Plaintiff in custody and transported him to the Mount Hope Police Department where he was charged with disorderly conduct and obstruction.  Id.

While being placed under arrest, Plaintiff claims that Jarvis aimed a can of mace at him while in the backseat with his nephews and niece, slammed him into the trunk of the vehicle, kneed him in the thigh and back, and beat him publically while handcuffed.  Id. at 6.  Plaintiff asserts that he never "swung, lunged, or made any attempt to obstruct or stop" the arrest.  Id.  In his complaint, Plaintiff states that he filed suit against Jarvis for using excessive force while arresting him and MHPD for employing Jarvis who "has had numerous complaints filed against him for excessive force."  Id.

Plaintiff was in custody when he filed the complaint; he was released on parole during the summer of 2008.  Since release, Plaintiff's address has been 615 North Virginia Avenue, Mt. Hope, WV 25880.  Court staff confirmed the accuracy of the address on December 12, 2008.

On August 26, 2008, defendant Jarvis served interrogatories and requests for production of documents on Plaintiff at his home address (# 27).  Plaintiff did not respond.  On August 29, 2008, defendant Jarvis filed a motion to compel Plaintiff to respond to the discovery requests (# 30).  Plaintiff did not respond.  On October 22, 2008, Defendants served requests for admissions on Plaintiff (## 31, 32).  Plaintiff did not respond.  On November 13, 2008, the undersigned granted defendant Jarvis's motion to compel and directed Plaintiff to serve discovery responses on or before November 20, 2008 (# 33).  The order included a provision which reads as follows:

> Plaintiff is hereby **NOTIFIED** that failure to comply with this Order could subject him to sanctions, including payment of costs and attorney's fees, inability to present his case, or even dismissal of his case with prejudice.

Notwithstanding the warning, Plaintiff did not comply.  On November 26, 2008, defendant Jarvis filed the pending motion to dismiss (# 34).  Plaintiff has failed to respond within the time allowed by the Local Rules.

## Standard of Review

Rule 37(b)(2)(A), *Fed. R. Civ. P.*, provides that "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders.  They may include the following: * * * (v) dismissing the action or proceeding in whole or in part; * * *."  It appears that

Plaintiff has completely failed to participate in discovery, has abandoned his case, and has violated the court's order compelling him to provide discovery responses.  The court has considered the factors set forth in Mutual Federal Sav. & Loan Ass'n v. Richards & Associates, Inc., 872 F.2d 88, 92 (4th Cir. 1989), Hathcock v. Navistar International Transp. Corp., 53 F.3d 36, 40 (4th Cir. 1995), Hillig v. C.I.R., 916 F.2d 171, 174 (4th Cir. 1990), and Unifi Export Sales, LLC v. Mikfir International Corp., 233 F.R.D. 443, 445-46 (M.D.N.C. 2005), and has concluded that imposition of the ultimate sanction of dismissal with prejudice is appropriate. If Plaintiff files timely objections to the recommendation to dismiss the case, the undersigned will promptly withdraw the Proposed Findings and Recommendation, and will schedule a hearing at which Plaintiff can explain himself.  Otherwise, it is simply unfair to require the defendants to incur additional expenses and attorney's fees.  The undersigned proposes that the presiding District Judge **FIND** that Plaintiff has violated a discovery order, has failed to prosecute this action, and has abandoned his claims.

## Recommendation

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** defendant Jarvis's Motion to Dismiss with prejudice and strike this case from the docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the

Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), the Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections), and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Synder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Johnston and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Plaintiff by regular mail and by certified mail, return receipt requested, and to transmit it to counsel of record.

December 15, 2008
Date

Mary E. Stanley
Mary E. Stanley
United States Magistrate Judge